### JOHANN GUSTAV EGGERS
### *v.*
### ALBERT BUSCH.

*Filed at Ottawa January 15, 1895.*

CONTRACT—*what acts will fix time of performance where none is specified.* A vendee in a land contract which does not fix a particular time within which the deed is to be delivered, may elect to treat it as at an end, and bring suit to recover back money paid thereon, upon a tender of a deed by the vendor, which is refused because of a defective title.

*Eggers* v. *Busch,* 54 Ill. App. 279, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

This is an appeal from a judgment of the Appellate Court. In that court the following opinion was delivered, in which the facts presented by the record are sufficiently stated :

"SHEPARD, P. J.: A suit in assumpsit was brought by the appellee to recover back from the appellant $1200, which had been paid under a contract between the parties for the purchase and sale of a certain tract of land situated in Indiana, for the price of $6000. The contract provided for the conveyance of the land to the appellee 'in fee simple, clear of all incumbrance whatever, by good and sufficient warranty deed.' The $1200 was paid, as was provided by the contract, upon the delivery of the contract, and the remaining $4800 was to be secured by trust deed on the premises and payable at a future date. To satisfy the appellee that the title was good and clear in appellant, the latter, as a matter of fact, furnished to the appellee an abstract of title to the land, although the contract did not require that an abstract of title should be furnished. The attorney to whom the abstract was delivered for examination, found what appear to have been substantial objections to the title. It appears that the appellant had, about the same time, undertaken to sell other similarly situated land to another party, whose attorneys interposed like objections to the title, and that appellant filed a bill in the Indiana courts to cure the defects and quiet his title to both tracts. That bill was filed before the attorney for appellee had given his opinion upon the title, but after the contract was entered into, and no decree was obtained thereunder until after this suit was begun. The contract was made April 6, 1891; the opinion of title by appellee's attorney was given June 24, 1891 ; the Indiana suit to quiet title was begun June 23, 1891, and the decree thereunder entered September 17, 1891, and this suit was begun July 9, 1891.

"It is not necessary to detail the various negotiations, demands and counter-demands between the parties. The question is, whether, under the contract, the appellee was bound to take the land and perform his part of the contract with the title in the condition that it was, and if not, may he maintain an action to recover back what he paid down at the time the contract was delivered.

"The learned judge of the circuit court before whom the cause was tried, without a jury, held the following propositions of law, submitted by appellee (plaintiff):

" '1. Where two parties enter into a contract in writing, the one to convey to the other real estate for a consideration, and the contract provided that the proposed purchaser shall first make the payments and perform the covenants in the contract mentioned by him to be performed, and the proposed seller covenants and agrees to convey and assure to the proposed purchaser a title in fee simple, clear of all incumbrances whatsoever, by a good and sufficient warranty deed, to the land named in said contract, and there remains nothing to be done on the part of the proposed purchaser except payment of the last sum mentioned in the agreement or the performance of the last thing to be done by the proposed purchaser, and the delivery of the deed on the part of the proposed seller, then the payment of such last sum or the performance of such last thing by the proposed purchaser, and the delivery by the proposed seller of the warranty deed conveying title in fee simple, free of all incumbrances, according to the contract, become mutual, dependent and simultaneous acts, to be performed by the respective parties at one and the same time.

" '2. Where the parties enter into a written contract, the one to convey the land to the other in fee simple, clear of all incumbrances whatever, by a good and sufficient warranty deed, the proposed purchaser is entitled, under the terms of such contract, to a marketable title,— that is, a title not subject to such reasonable doubt as

would create a just apprehension of its validity in the mind of a reasonable, prudent and intelligent person; one that persons of reasonable prudence and intelligence, guided by competent legal advice, would be willing to take and pay the fair value of the land for. If, in this case, the plaintiff and defendant entered into such contract, but at the time of the tender of such deed by the defendant to the plaintiff the title to the land in question was not a merchantable title, but was such a title as would occasion reasonable doubt of its validity in the minds of persons reasonably prudent and intelligent, so that such persons would be unwilling to take the land and pay the fair value therefor, and if, within a reasonable time after notice thereof to the defendant, he, the seller, failed or refused to make the title merchantable, then the plaintiff had a right to rescind the contract.

"'3. A material defect in the title to land is such a defect as will cause a reasonable doubt and just apprehension in the mind of a reasonably prudent and intelligent person, acting upon competent legal advice, and prompt him to refuse to take the land at a fair value.

"'4. Where two persons enter into a contract in writing for the sale and purchase of land, the one for a specified consideration to convey to the other, by a good and sufficient warranty deed, the land in said contract mentioned, in fee simple, clear of all incumbrances whatsoever, and submits to the proposed purchaser for examination an abstract of title to the land as containing a correct history and source of the title the seller proposed to convey, and an examination of said abstract discloses material defects in the title to said land, and the proposed seller is notified thereof, and within a reasonable time thereafter refuses or fails to remove or cure such material defects in the title as are shown by said abstract, then the proposed purchaser has a right to rescind the contract, and recover from the proposed seller any amount he may have paid under the contract.'

"These propositions we regard as admirably adapted to the facts as disclosed by the record. The title disclosed will bear no such test as that indicated in the second proposition. *Cravener* v. *Hale*, 27 Ill. App. 275; *Hale* v. *Cravener*, 128 Ill. 408.

"Although the contract did not prescribe a particular time within which the deed should be delivered and the trust deed and note given back, the law will presume it was to be done within a reasonable time. And the appellant placed his own construction upon the contract in that regard, when, in July, about three months after the date of the contract, he tendered a deed to appellee, and demanded that he execute a note and trust deed then presented to appellee for execution. Appellant could not thereafter complain that appellee elected to treat the contract as then at an end, and brought suit to recover back the money he had paid. At that time the title was most clearly not such as appellant had contracted to convey. It is a familiar rule that the vendor cannot force the purchaser to pay his money and receive a defective title. *Lancaster* v. *Roberts*, 144 Ill. 213.

"We do not regard it as important to consider the effect upon the title of appellant of the Indiana decree that was entered upon the bill to quiet title, after this suit was begun. It is enough that we consider that the right of appellee to rescind the contract and bring suit to recover back the money he had paid was established from the time that appellant tendered the deed and demanded performance of the contract by appellee, appellant's title at that time being such as appellee was entirely justified in refusing to accept. The appellant was, at that time, incapable of performing the contract on his part, and by his tender and demand under such conditions he placed the appellee in a position where he might rescind and bring suit for his money. Although a vendor may not be required, at all times from the entering into of a contract, to be in a situation to perform on

his part, he must be so when he demands performance by the vendee.    See authorities cited in *Eames* v. *Der Germania Turn Verein,* 8 Ill. App. 663.

"The judgment of the circuit court was correct, and will be affirmed."

FRANK J. CRAWFORD, for appellant:

The only cases in which the purchaser of real estate is entitled to recover back the money he has paid on the contract of purchase are :    First, where the contract has been rescinded by the mutual consent and agreement of the parties; second, where the vendor is incapable or unwilling to perform the contract on his part; and third, where the vendor has been guilty of fraud in making the contract. *Bryson* v. *Crawford,* 68 Ill. 362 ; *Stevenson* v. *Maxwell,* 2 Comst. 408 ; *Cassell* v. *Ross,* 33 Ill. 245 ; *Brown* v. *Cannon,* 5 Gilm. 183 ; *Monsen* v. *Stevens,* 56 Ill. 336 ; *Lundahl* v. *Hansen,* 147 id. 511; *Eames* v. *Germania Turn Verein,* 8 Ill. App. 673.

KRAFT, WILLIAMS & KRAFT, for appellee.

Per CURIAM:    In this court both parties have contented themselves with filing the same briefs and arguments used by them in the Appellate Court, and no questions, therefore, are raised here which were not presented to and considered by that court.    After giving the record careful consideration we find no grounds for disturbing the judgment of affirmance.    As we are satisfied with both the reasoning and conclusions of the Appellate Court set forth in the foregoing opinion, we see no occasion for any further discussion, on our part, of the questions involved in the case.    The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*