## TODD *v.* McLAUGHLIN.

1. VENDOR AND PURCHASER—MARKETABLE TITLE—EVIDENCE.
    Where, in a suit to foreclose a land contract, defendant pro-
    fesses a willingness to carry out the contract providing she
    receives a marketable title to the land, but avers that because
    of certain attachments, a mortgage, and an assignment by
    him for creditors, the vendor is unable to give such title, a
    decree for complainant cannot be sustained on the ground
    that the assignee has been discharged, that the attaching
    creditors have released their claims, and that the mortgagee
    is willing to surrender his mortgage, none of them being
    parties to the bill, unless such facts are established in the
    case by legal evidence.

2. SAME—RECOVERY OF PAYMENTS—INTEREST.
    Where a purchaser under a land contract goes immediately
    into possession of the premises, and occupies the same for a
    period of years, she cannot, on the vendor's failure to convey
    a marketable title, recover all payments made by her, with
    interest, without allowance for such occupancy.

Appeal from Wayne; Waite, J. Submitted October
12, 1900.   Decided November 13, 1900.

Bill by Fred J. Todd, trustee, against Kate McLaughlin
and Emma Curtis, to foreclose a land contract.   From a
decree for complainant, defendants appeal.   Reversed.

*James Swan,* for complainant.

*E. T. Wood,* for defendants.

MOORE, J.   The bill in this case is filed to foreclose a
land contract.   From a decree in favor of complainant, the
defendants have appealed.

The defendants are sisters.   One of them,—Kate Mc-
Laughlin,—on the 1st day of November, 1893, purchased
on land contract from Edward E. Harvey and Fred J.
Todd, as trustees, certain real estate in Detroit.   The con-

sideration was $2,700, of which $500 was paid down, and it was agreed $25 per month or more should be paid monthly thereafter; all to be paid within five years from date. The contract is in the usual form. It provides the party of the second part, or her assigns, on payment of the sums specified, shall be entitled to a good and sufficient conveyance in fee simple of said described lands, free and clear from all liens and incumbrances. Miss McLaughlin put her sister, defendant Emma Curtis, in possession of the premises, and all subsequent payments were made by her. On November 15, 1893, the *cestuis que trustent* of complainant placed on the same property a mortgage for $1,300, which is now owned by the City Savings Bank of Detroit, and is still of force. On the execution and delivery of the contract, defendant McLaughlin paid $500. Subsequent payments of principal, including indorsement of June 7, 1895, amount to $475, which covers a period of 19 months, from and including the month of December, 1893, down to and including the month of June, 1895. In addition, defendants had paid interest in full to January 1, 1895,—$136.96. Mr. Harvey became financially embarrassed. Numerous attachments were placed on the property July 23, 1895. On May 25, 1895, the complainant caused to be conveyed by himself and the parties who are by the record shown to have been the owners of the premises described in the land contract, by warranty deed, the lot in question to Harrison H. Eaton, Charles A. Poole, and Edward E. Harvey, excepting therefrom the mortgage referred to and taxes, but making no reference to the contract interest held by defendant Miss McLaughlin. On August 21, 1895, Eaton, Poole, and Harvey, by Harrison H. Eaton, attorney in fact, conveyed the premises by warranty deed to Fred J. Todd. There is no designation in this instrument that the grantee takes as trustee.

The defendant McLaughlin made payments according to the terms of the contract until she learned of the giving of the mortgage, and of the failure of Mr. Harvey, and the attachments. She then endeavored to have the title

cleared. On October 23, 1895, she notified complainant she would arrange to pay an amount on the contract sufficient to bring it down to the $1,300 mortgage, and assume the mortgage, provided she be given a deed free and clear of all other liens and incumbrances, and furnished with an abstract showing such to be the fact. On June 24, 1896, further negotiations were had between complainant and defendants, at which counsel for defendants was present. It is claimed by the defendants they were anxious, in view of the many complications, to have the land contract recorded, and a record made showing who the real parties were who complainant claimed were interested; that on complainant's renewed promise to clear up the title and furnish an abstract, and on his placing an acknowledgment on the contract setting forth the names of the parties for whom he claimed to act as trustee, defendants paid on the same day $300. They had paid in addition, for taxes on the property, $55.96. They also claim that on January 14, 1897, after the $300 was paid, defendants, by letter, made an effort to get from complainant an abstract; that in the meantime they had learned of a delinquent paving tax, to which the attention of complainant was called. On the 4th day of May, 1898, complainant, Todd, and Fred D. Stevens, his partner, made a common-law assignment for the benefit of creditors. The real estate was not mentioned in the schedule attached to the assignment. Their creditors under this received 23 per cent. of their claims, and have not been settled with for the balance, though the assignee has made his report and been discharged. October 29, 1898, complainant procured the release of five attachments levied on the contracted property in July and August, 1895, and one levy made May 4, 1898, on judgment against Stevens and Todd, who on that day made the common-law assignment. Without furnishing an abstract, the complainant caused to be written to defendant Mrs. Curtis, November 2, 1898, a letter, in which he said:

"I have now got the title perfected, and am prepared to

furnish a warranty deed to the property upon the payment of the amount due.    This deed will come to your sister through the City Savings Bank, and be warranted by it."

On February 11, 1899, the bill of complaint was filed. No deed had been tendered before the bill was filed.    Complainant afterwards amended his bill, and defendants answered.    It is claimed this answer was filed on the mistaken idea that the several persons had been made parties who in fact were not made parties.    The defendants filed an amended answer and cross-bill, and attempted to bring in the parties disclosed to be the equitable owners of the premises covered by the land contract, and the City Savings Bank, which holds the mortgage on the premises; but the court held it was not necessary to make the bank and the persons named in the cross-bill parties.    The court made a decree in favor of complainant for the full amount due on the contract, with interest, and decreed that the complainant " tender to the said defendant Kate McLaughlin, or her solicitor, a good and sufficient deed to the property hereinafter described, and that the said defendant Kate McLaughlin pay or cause to be paid to said complainant, or to his solicitor, the amount so as aforesaid found to be due, together with interest from the 28th day of April, 1900, and costs, on or before the 25th day of May, A. D. 1900," and in default thereof that the premises might be sold.

The complainant insists this decree should stand, because the common-law assignee has been discharged, and is making no claim; that the attaching creditors have released their claims; and because the bank, though having the $1,300 mortgage, is willing to surrender it.    It is quite possible the contention of complainant is true, but it is not sustained by any legal evidence in the case.    The assignee and the holder of the mortgage are not parties to the record, and would not be bound by the decree.    Under the terms of the contract, the defendant was entitled to a marketable title, free and unincumbered.    *Barnard* v. *Brown*, 112 Mich. 452 (70 N. W. 1038).    She was willing

to receive such a title, and pay for the land according to the terms of the contract. The record does not disclose complainant could give such a title, and until he is prepared to do so he is not entitled to have the contract price paid over to him.

It is the claim of defendants that they should be allowed to recover the amount of payments made by them, and the interest thereon; citing *Ford* v. *Wright*, 114 Mich. 122 (72 N. W. 197). That case is not applicable to this case. In that case the vendor remained in possession of the land. In this case the vendee was given immediate possession. While the evidence is not at all satisfactory, it is not a violent presumption from the evidence to assume there is a dwelling house upon the land, which has been occupied for more than seven years by one of the defendants, with the consent of the other; and it would not be equitable to allow a valuable occupancy for a long period of time and a recovery of all of the purchase price, with interest. If all the parties in interest were before the court, it is probable a decree could be entered that would do justice to all. As it is, the bill of complaint will be dismissed, with costs of both courts, but without prejudice.

The other Justices concurred.