ALBERT RATH ET AL., APPELLEES, V. BESSIE WILGUS ET AL., APPELLANTS.

FILED SEPTEMBER 22, 1923. No. 22498.

1. **Trial**: EQUITY CASES. In equity cases and in those involving both law and equity, the district court is authorized to submit all questions of fact to a jury, and it is not error to refuse to separate the law from the equity and try the issues of the former to a jury and of the latter to the court.

2. **Vendor and Purchaser**: TITLE: ABSTRACT. An abstract showing a mortgage barred on its face by the statute of limitations, but not released of record, does not show a perfect record title, and the purchaser may be justified in rejecting it, as the statute may have been tolled by some act of the parties not appearing of record.

3. ———: ———: ———. An abstract of title showing that a release of an old mortgage was entered in the registration and numerical index, but that such release was not of record, does not show a good title of record.

4. **Mortgages**: RELEASE: EVIDENCE. The statutes of Nebraska do not make the entries in the numerical index evidence of the facts therein noted, and a reference in such index to the filing of a release cannot be considered as proof of the release of such mortgage.

5. ———: RECORD. Section 5625, Comp. St. 1922, requires that releases of real estate mortgages shall not only be indexed but recorded at full length, and to constitute a valid record the statute must be complied with.

6. **Vendor and Purchaser**: FAILURE OF TITLE: RECOVERY OF PAY-

MENT. *Held,* that the abstract did not show a good title of record, and that, as none was furnished by the vendors within the time limited for the completion of the contract, the vendees were entitled to recover back the amount paid by them under the contract'.

APPEAL from the district court for Hitchcock county: CHARLES E. ELDRED, JUDGE.   *Affirmed.*

*Roper & Shaw,* for appellants.

*Grant G. Martin* and *Stewart, Perry & Stewart, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY and GOOD, JJ., COLBY and REDICK, District Judges.

COLBY, District Judge.

This action was begun as an action at law to recover $1,200 paid by appellees to appellants upon a land contract, the terms of which were not complied with. The appellants filed their answer, in which they set up certain defenses and a cross-petition, praying for specific performance of the contract.

In the contract appearing in the record between appellants and appellees the former undertook to sell a half section of land in Hitchcock county for $22,400, payable $1,200 in cash, which was paid by appellees, $10,000 on surrender of deed and acceptance of title, and $11,200 on March 1, 1921, on presentation of good title. The contract provided that appellants were to furnish appellees a warranty deed and a good and sufficient abstract of title showing good title of record on or before March 1, 1921. The contract further contained the agreement that time was an essential element of the contract.

Appellees alleged in their petition due execution of the contract, payment of $1,200 in cash, their readiness and ability to perform on their part, tender of performance, demand for deed, failure of appellants to perform, insufficiency of title of record in appellants on March 1, 1921, and inability to deliver deed conveying good title of record, and they ask judgment for the $1,200 advance payment with 7 per cent. interest from September 4, 1920.

The district court overruled appellants' motion for a separate trial before the court without a jury on the issues presented in the cross-petition for specific performance and required appellants to proceed to trial before a jury on both issues. The jury returned a verdict for appellees for $1,291.35, for which judgment was entered by the court on October 22, 1921, from which an appeal is taken to this court.

We think there is no error in the trial of the issues involved in the whole case to the jury, as the court, in equity cases, has the right to submit questions of facts to the jury. Comp. St. 1922, sec. 8787; *Alter v. Bank of Stockham*, 53 Neb. 223; *Schumacher v. Crane-Churchill Co.*, 66 Neb. 440.

The case, as we have stated, started out as a law case for the recovery of $1,200 and interest, then by the cross-petition the specific performance of the contract was asked, but the whole matter, under our practice, could be submitted to the jury for its finding, which was done by the court without taking the trouble to separate the law from the equity matters.

The main controversy in this action seems to be in regard to the furnishing of an abstract of title showing a good title of record in the appellants. The old mortgage of $2,000, the release of which is claimed to be defective, appears on its face to be barred by the statute of limitations, yet this is such a defect in the record title that a purchaser may be justified in rejecting the title. *Justice v. Button*, 89 Neb. 367; *Adler v. Kohn*, 96 Neb. 346, 354.

It is a general rule of law that a purchaser of real estate covered by a mortgage apparently barred by the statute of limitations will not obtain a marketable title, one free from reasonable doubt, as the statute may have become tolled by some act of the parties not appearing in the record. *Austin v. Barnum*, 52 Minn. 136; *Zorn v. McParland*, 28 N. Y. Supp. 485, affirmed in 32 N. Y. Supp.

770; *Whittier v. Gormley,* 3 Cal. App. 489; *Reynolds v. Strong,* 31 N. Y. Supp. 329.

The record shows that the defendants commenced an action to quiet title and to obtain a release of the old $2,000 mortgage in question some months after the time had expired for the consummation of the contract. As time was made by such contract an essential element, it was not necessary for the appellees to make a tender of the balance of the purchase price before rescinding, they being willing and able to perform their part of the contract had the appellants been able to perform their part. Where time is an essential element of the contract, made so by an express provision therein, a court of equity will refuse to enforce specific performance, unless strict performance has been waived. *Brown v. Ulrich,* 48 Neb. 409; *Langan v. Thummel,* 24 Neb. 265; *Morgan v. Bergen,* 3 Neb. 209.

Unless the contract provides that the vendee shall have a reasonable time to perfect his title after the time limited, no time can be allowed to cure defects, where time is made of the essence of the contract, and title tendered under the contract must be a good title of record, or the vendee is not compelled to accept. *Ballou v. Sherwood,* 32 Neb. 666.

The abstract of title showed that a purported release of the old $2,000 mortgage was entered in the registration and numerical index, but that such release was not of record. We find no provision in our law making the entries in the numerical index evidence of the facts therein noted, but on the contrary section 5625, Comp. St. 1922, requires that releases of real estate mortgages shall not only be indexed, but that they shall be "recorded at full length," and that in the record of discharge the register of deeds shall make a reference to the book and page of such record. To constitute a valid record the statutes must be complied with. A reference made in the numerical index to the filing of a release cannot be considered as a record of the release of such mortgage. The

curative statutes of this state do not reach such defects. Where there is an entire failure of the recording officer to place a release of record, the curative acts do not do away with the necessary requirements of the law. The abstract did not show a release of the mortgage.

We hold that an abstract showing a good title of record was not furnished by vendors within the time required under the contract, which makes time of the essence of such contract, and hence that the appellees were entitled to recover back the amount paid under the contract.

The proceedings and judgment of the district court should be, and are hereby,

. · AFFIRMED. ·