[No. 3431. July 28, 1930.]

ZIMMERMAN v. WILKSON.

[290 Pac. 795.]

Downer & Keleher, of Albuquerque, for appellant.

George C. Taylor, of Albuquerque, for appellee.

## OPINION OF THE COURT

PARKER, J.

Ruth C. Zimmerman, appellee, agreed to sell to W. T. Wilkson, appellant, lots 1 and 2, in block 1, of the Cannon addition to the city of Albuquerque, and entered into a written contract, dated April 14, 1925, containing the terms of said sale, a copy of which is attached to the complaint. The contract contains a covenant that upon the completion of the payment of the purchase price the vendor will execute and deliver to the purchaser a good and sufficient warranty deed for the above-described real estate and an abstract of title, "showing said real estate to be of a good and merchantable title." Appellee alleged in her complaint that she was possessed of a good and merchantable title to said real estate and had tendered to appellant a warranty deed and abstract of title showing her to have a good and merchantable title in and to said real estate, but that appellant had wholly failed, refused, and neglected to carry out the terms of said contract on his part to be performed, to appellee's damage, etc. Appellee prayed judgment for said damages and costs of suit.

Appellant answered admitting that appellee was possessed of a good and merchantable title to said real estate but for the following defects:

That said abstract of title and the records of Bernalillo county, New Mex., show that on September 22, 1923, one J. P. Gonzales executed a deed of trust in the sum of $2,812, purporting to convey said real estate, which has never been released of record:

That said abstract shows two judgments against said J. P. Gonzales for the sums of $120.38 and $164.09, respectively;

That for the years 1923, 1924, and 1925 said Gonzales made out a tax assessment and returned the said real estate for taxation in his own name and paid the taxes for the years 1923 and 1924. Appellant expressly admitted that neither said abstract nor the records of Bernalillo county show any conveyance of any nature whatsoever of the said real estate to the said Gonzales, and that they show

a perfect fee-simple title in the said appellee up to and including the year 1922. He further alleged that he is ready, able, and willing to complete the performance of said contract whenever appellee will cure the defects in the title hereinbefore mentioned. He prayed judgment that appellee take nothing in said action and for costs.

The district court adopted the allegations of the pleadings as findings of fact and concluded as a matter of law that the answer of appellant failed to state a defense to appellee's complaint and sustained the motion of appellee for judgment on the pleadings and denied the motion of appellant for judgment on the pleadings, and by agreement of the parties found the additional fact that at all times since April 14, 1925, appellant has been in possession of said premises.

The court thereupon rendered judgment for appellee for $1 damages and the amount remaining due under said contract and costs. Appellant has appealed to this court.

It is apparent that the sole question presented is whether the title of appellee which she tendered to appellant was a good and merchantable title. If it was, the judgment below was correct. If it was not, the judgment is erroneous and should be reversed.

It is to be noted that appellant stands ready to complete the purchase of the land by paying the balance of the purchase price still due. But the records of Bernalillo county show that one J. P. Gonzales has assumed to own and convey the same by way of trust deed to secure the sum of $2,812, which deed still remains unpaid and undischarged of record. It is true that the record fails to disclose any conveyance to said Gonzales, and so far as the record is concerned said Gonzales appears to be a stranger to the title. Yet it may be that he is possessed of a deed of conveyance to the said land from the true owner which remains unrecorded. At any rate, the title tendered by the appellee is not such a record title as appellant could sell or market at a fair price to a reasonably prudent man advised of the facts. Before the title could be said to be

marketable, a proceeding will have to be instituted to cancel and discharge the said trust deed, and the person properly chargeable with that duty is the vendor, the appellee. Another curious fact appears, viz., that the said Gonzales has assumed to own the land and returned the same for taxation for three years in his own name and paid the taxes for two of those years. A person does not ordinarily pay taxes on real estate if he does not own the same, or think he does. At any rate, appellant, should he take the property and pay the purchase price thereof, is at once confronted with the necessity of bringing a lawsuit against said Gonzales and his grantees before he will have a title which he can sell or market at a fair price. No careful lawyer to whom said abstract might be submitted by appellant would advise him that said title was marketable until after said incumbrance had been removed. Appellant did not admit in his answer that the said Gonzales had no title to said land; he merely admitted that the records of Bernalillo county failed to show any conveyance to him. So far as the record in the case shows, said Gonzales may be the absolute owner of the premises and may be able to show it by proper conveyance from the true owner. At any rate, it requires a lawsuit to determine the fact. We have no decisions in this court as to what circumstances render a title unmarketable, and we must look to the decisions in other jurisdictions.

In the first place, it may be said that a title may in fact be good and still not be marketable. It would require parol evidence to show that Gonzales had received no conveyance from the true owner before his trust deed could be ignored. In all such cases the title is held to be unmarketable. Maupin on Marketable Title to Real Estate (3d Ed.) § 289, and cases cited; Van Riper v. Wickersham, 77 N. J. Eq. 232, 76 A. 1020, 30 L. R. A. (N. S.) 25, Ann. Cas. 1912A, 319; Howe v. Coates, 97 Minn. 385, 107 N. W. 397, 4 L. R. A. (N. S.) 1170, and note, 114 Am. St. Rep. 723; Vought v. Williams, 46 Hun, 638, 12 N. Y. St. Rep. 733; Justice v. Button et al. 89 Neb. 367, 131 N. W. 736, 38 L. R. A. (N. S.) 1, and note; Eggers v. Busch, 154 Ill. 604, 39 N. E. 619; Wanser v. De Nyse, 188 N. Y. 378, 80 N. E. 1088, 117 Am. St. Rep.

871; Williams v. Bricker et al., 83 Kan. 53, 109 P. 998, 30 L. R. A. (N. S.) 343; 3 Devlin on Real Estate (3d Ed.) §§ 1474, 1505; Todd v. McLaughlin, 125 Mich. 268, 84 N. W. 146; Rath et al. v. Wilgus, 110 Neb. 810, 195 N. W. 115.

Counsel for appellee cites and relies upon Pacific Coast Pipe Co. v. Hedican et al., 61 Wash. 576, 112 P. 655, Ann. Cas. 1912C, 833, and note, as his brief on this point, where there are various cases collected holding that a conveyance or mortgage by a stranger to the title is not a cloud on the title. In this connection it is to be noted that said Gonzales is not admitted to be a stranger to the title. The admission is made, simply, that the records of Bernalillo county fail to show any conveyance to him. In order to be secure the appellant, should he take and pay for the title, would be compelled to establish by parol evidence that said Gonzales had never received any conveyance from the true owner, and that his trust deed, therefore, was invalid and conveyed no rights upon the beneficiary thereunder. But we do not follow appellee's brief upon this point. We have carefully examined the cases cited in the note cited. In all of these cases it appears that the appellee had no title and hence the deed was void. Not so in this case. All that appears here is that the said Gonzales has no title of record. For all that appears he may have an unrecorded deed to the property, and, if so, appellant will have to resort to litigation to clear up the title. Under such circumstances appellee has no cause of action against appellant.

There is another consideration. No careful lawyer would examine this abstract and advise appellant to make the purchase and pay the purchase price. It cannot be said that the trust deed of Gonzales is void on its face. Evidence aliunde the deed is necessary to show that the same is void. The mere fact that Gonzales has no deed recorded does not establish the fact that he has no deed. Whose duty is it to establish the fact that he has no deed? There would seem to be no doubt that it is the duty of the vendor to show this fact before she can recover the purchase price from the appellant. She not having done

so, it was error on the part of the district court to award judgment against appellant.

It follows that the judgment should be reversed, and the cause remanded; and it is so ordered.

WATSON and CATRON, JJ., concur.

BICKLEY, C. J., and SIMMS, J., did not participate.