## HOME FARM CORP. *v.* SIMI.

1. VENDOR AND PURCHASER—BREACH OF CONTRACT—VENDOR'S ABILITY TO PERFORM.

> Generally vendor seeking damages for breach of contract for sale of land would not be entitled to recover where it failed to show ability on its part to perform the contract by conveying title to the premises.

2. SAME—VENDOR MUST HAVE ABILITY TO CONVEY TITLE—PURCHASER'S BREACH OF CONTRACT.

> Plaintiff corporation which secured agreement of defendant to purchase property after expiration of time within which owner had agreed to sell it to plaintiff was not entitled to recover loss of profit on the deal from purchaser who had thereafter purchased property direct from owner since at time plaintiff secured defendant's agreement to pay neither did plaintiff have title nor was title in any person then obligated to convey the property to plaintiff.

3. COSTS—BRIEFS.

> No costs are allowed appellee on appeal upon affirmance where he filed no brief.

Appeal from Wayne; Brennan (John V.), J. Submitted April 2, 1940. (Docket No. 21, Calendar No. 40,932.) Decided June 3, 1940.

Assumpsit by Home Farm Corporation, a Michigan corporation, against Amedeo Simi for breach of contract for sale of land. Judgment for defendant. Plaintiff appeals. Affirmed.

*David M. Miro,* for plaintiff.

NORTH, J. In this suit, tried without a jury, plaintiff sought damages alleged to have been sustained because defendant wrongfully prevented plaintiff

from consummating a real estate transaction from which plaintiff would have obtained a profit of substantially $1,000. The trial court rendered judgment for defendant and plaintiff has appealed.

In March, 1937, Mrs. Helen Monahan, then residing in Florida, owned a house and lot in Detroit. At that time Mr. Joseph Vigliotti, as manager of plaintiff corporation, remitted $100 to Mrs. Monahan and secured from her a written acceptance of plaintiff's proposal to purchase the Detroit property at a price of $4,000; and as performance on her part Mrs. Monahan forwarded a deed of the property to her Detroit agent, Mr. Radtke, through whom she advised Mr. Vigliotti the deal would be closed. Incident to this transaction an abstract of title to the property was placed in plaintiff's possession. Thereafter, and on June 7, 1937, Oscar Amori, acting as plaintiff's agent, secured defendant's signature to an agreement to purchase this Detroit property for $5,000, payable $2,500 in cash at the time of closing the transaction and the balance under a land contract within 60 days after consummation of the deal. At the time of signing the agreement defendant gave his check to plaintiff for $100 as a deposit on the purchase price. Later, but the record does not disclose when, plaintiff's acceptance of defendant's agreement or offer to purchase was indorsed thereon. After defendant signed the agreement to purchase, plaintiff delivered to him the abstract of title. Shortly thereafter Simi seems to have contacted Mrs. Monahan's agent, Radtke, and learned that the property could be purchased direct from Mrs. Monahan for $4,100. Evidently defendant decided to take advantage of the opportunity to purchase the property at a lesser price than that stipulated in the transaction with plaintiff. Radtke returned to Mrs. Monahan the deed she had previously forwarded

and received from her another deed to the premises notarized on June 29, 1937, which conveyed title to defendant. In this connection it is to be noted Radtke testified that after receiving the first deed from Mrs. Monahan he contacted Mr. Vigliotti on several occasions, informed him he had the deed ready for delivery and requested that plaintiff corporation close the deal, but plaintiff did not close the deal and Radtke returned the deed to Mrs. Monahan.

Ordinarily plaintiff would not be entitled to recover in the absence of a showing that it was able to perform its part of the contract with defendant by way of conveying title to the premises. *Todd* v. *McLaughlin,* 125 Mich. 268. The undisputed testimony shows that plaintiff never became vested with title and therefore was not in position to perform. But plaintiff's theory is that it was the wrongful conduct of defendant in purchasing from Mrs. Monahan after he had contracted to purchase from plaintiff which prevented plaintiff from being able to perform its contract with defendant. Seemingly the issue narrows down to this: Did defendant in taking the deed from Mrs. Monahan act in violation of plaintiff's rights and in so doing subject himself to liability for resultant damages?

Even if it were to be assumed that the theory upon which plaintiff asserts a right to recover could be sustained, still we think, as the circuit judge held, that the facts in the case are such as to prevent recovery. As noted above, plaintiff never became possessed of title to the property which it contracted to sell to defendant; and prior to securing from defendant a written agreement to purchase this property, plaintiff had already defaulted and failed to comply with the conditions of Mrs. Monahan's written agreement to sell the property to plaintiff. The letter in which Mrs. Monahan's agreement was inclosed and

in which she stated she was sending the abstract to her agent, Radtke, was dated March 26, 1937. The abstract was delivered to plaintiff April 5, 1937. Mrs. Monahan's agreement to sell to plaintiff expressly provided that the sale was for cash and payment was "to be made within 60 days after a merchantable title is found or made in the seller." Merchantable title was shown to be in the seller on April 5, 1937, when the abstract was delivered to plaintiff. It is obvious that the time limit of 60 days had expired before plaintiff secured defendant's signature to the agreement to purchase, *i.e.*, June 7, 1937. In other words, at that time neither did plaintiff have title nor was title vested in any person then obligated to convey the property to plaintiff.

Further, it appears from the record that after Radtke received the deed from Mrs. Monahan he repeatedly urged plaintiff's manager, Mr. Vigliotti, to close the transaction; and finally a definite arrangement was made for a meeting for that purpose, but neither Mr. Vigliotti nor any other person representing plaintiff appeared at the time and place of meeting; and Mr. Radtke testified that he did not attempt further to close the transaction with plaintiff's manager; and that thereafter he had no request from Mr. Vigliotti or from his office for a deed of this property. The testimony sustains the conclusion of the trial judge stated in his opinion as follows:

"The court is of the opinion that, giving full value to the written instruments offered in evidence, and that the language contained therein means what it says, the plaintiff corporation has failed to establish, by a preponderance of the evidence, that it could and did furnish a merchantable title to the property in question to the defendant, within the terms set forth in these agreements, and hence a judgment of no

cause of action should be entered in favor of the defendant and against the plaintiff.''

In support of its contention that defendant could not, under the circumstances of this case, purchase a paramount title and by so doing prevent plaintiff from performing its part of the contract, there is citation in appellant's brief of *Wilkinson* v. *Green,* 34 Mich. 221, and *Curran* v. *Banks,* 123 Mich. 594. But appellant's reasoning, as well as the authorities cited, is inapplicable to the instant case both for the reason that defendant never was placed by plaintiff in possession of the property and also because plaintiff's contractual rights with Mrs. Monahan had terminated by reason of the time limitation embodied in her agreement prior to the time defendant signed the agreement on which plaintiff's cause of action is based, *i.e.,* prior to June 7, 1937.

We have considered other questions raised by appellant but find them to be without merit. The judgment entered in the circuit court is affirmed. Appellee not having filed a brief, no costs are awarded.

BUSHNELL, C. J., and POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred. SHARPE, J., did not sit.