ALBERT NEIL SINKS *et al.*, Plaintiffs-Appellees, v. GEORGE A. KARLESKINT *et al.*, Defendant-Appellants.

Fifth District   No. 5—84—0210

Opinion filed January 3, 1985.—Rehearing denied February 1, 1985.

Demetri Hassakis, of Hassakis & Hassakis, of Mt. Vernon, for appellants.

Robert E. Shaw, of Musick & Mitchell, of Mt. Vernon, for appellees.

JUSTICE KARNS delivered the opinion of the court:

This permissive interlocutory appeal arises on the pleadings and is brought pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) from an order of the circuit court of Jefferson County. The trial court denied defendants' (sellers) motion to dismiss plaintiffs' (purchasers) action which sought specific performance of a contract for the sale of real estate and alleged consequential damages arising from breach of contract to convey merchantable title and breach of the implied warranty of possession and quiet enjoyment. The sole question of law found by the trial court to involve a substantial ground for difference of opinion is:

"Is title to real estate not merchantable as a matter of law if the real estate is not accessible?"

The trial court answered affirmatively and found that the purchasers' amended complaint stated a cause of action for breach of contract for failure to convey means of access and, consequently, merchantable title. As it appeared that an immediate appeal from the order might materially advance the litigation, we granted the sellers' petition for leave to appeal. (87 Ill. 2d R. 308.) Other counts in the complaint remain unresolved.

In 1963 plaintiffs, Albert and Norma Sinks, purchased by installment contract for deed certain agricultural real estate from defendants. Under the terms of the contract, defendants were to deliver "good and sufficient Warranty deed, and abstract of title certified to date showing a good and merchantable title to the real estate" upon final payment of the purchase price in 1983. Purchasers made their final payment in March 1983 and received the abstract of title from the sellers, whereupon plaintiffs notified the sellers that the abstract did not disclose a means of legal access to a described 40-acre tract. Plaintiffs noted in a letter to defendants' attorney that there was no public road which provided access and that they had otherwise been denied access by the surrounding landowners in 1981. Accordingly, plaintiffs demanded "an easement or other conveyance from some owner of land adjoining the landlocked 40 acre tract providing access to such tract." The record is silent regarding defendants' response. Plaintiffs, however, inform us in their brief that they "elected to receive such title as the Karleskints could convey, and to sue for their damages ***." A trial establishing the alleged damages has, of course, been continued pending the disposition of the sole question at hand.

We note initially that the trial court assumed the task of ruling upon the salient issue as a legal question. This court stated in

*Wilfong v. W. A. Schickedanz Agency, Inc.* (1980), 85 Ill. App. 3d 333, 337, 406 N.E.2d 828, 831, that whether title to real estate is merchantable is a question of law for the court. In that case, which involved a controversy concerning the buyers' right to rescind a contract for deed, this court affirmed the trial judge's determination that the evidence supported a finding that the title to the real estate in question was merchantable. It would appear to be established that merchantability is a question of law for the court; however, in *Wilfong,* the appeal included a full trial transcript from which the court could determine the legal question of merchantability. Here, the entire record consists of a complaint and a motion to dismiss, revealing the bare conclusion that access to real estate is a prerequisite to merchantability of title in all cases. Nonetheless, we are aided by additional agreed facts submitted by way of briefs and oral argument sufficient to enable us to dispose of the question submitted in this case.

*Wilfong* does not stand for the proposition that title to real estate is not merchantable if it is not accessible. What *Wilfong* does say is that merchantability can and must be decided by the court as a matter of law when sufficient evidence concerning the surrounding facts is determinable from the record.

■ Merchantable title is "a title not subject to such reasonable doubt as would create a just apprehension of its validity in the mind of a reasonable, prudent and intelligent person; one that persons of reasonable prudence and intelligence, guided by competent legal advice, would be willing to take and pay the fair value of the land for." (*Eggers v. Busch* (1895), 154 Ill. 604, 606-07, 39 N.E. 619, 620; *Wilfong v. W. A. Schickedanz Agency, Inc.* (1980), 85 Ill. App. 3d 333, 337, 406 N.E.2d 828, 831.) It has also been defined as "not perfect title, but rather title reasonably secure against litigation or flaws decreasing market value." (*Stevens v. Wilson* (1980), 86 Ill. App. 3d 1047, 1053, 408 N.E.2d 496, 502, citing *Christopher v. West* (1952), 345 Ill. App. 515, 104 N.E.2d 309.) These definitions should be utilized by the trial court and applied to the myriad of circumstances which may exist in any given case.

Plaintiffs have accepted a general warranty deed in conformance with section 9 of "An Act concerning conveyances" (Ill. Rev. Stat. 1983, ch. 30, par. 8). That section of the Act provides:

"Every deed in substance in the above form, when otherwise duly executed, shall be deemed and held a conveyance in fee simple, to the grantee, his heirs or assigns, with covenants on the part of the grantor, (1) that at the time of the making and

delivery of such deed he was the lawful owner of an indefeasible estate in fee simple, in and to the premises therein described, and had good right and full power to convey the same; (2) that the same were then free from all incumbrances; and (3) that he warrants to the grantee, his heirs and assigns, the quiet peaceable possession of such premises, and will defend the title thereto against all persons who may lawfully claim the same. And such covenants shall be obligatory upon any grantor, his heirs and personal representatives, as fully and with like effect as if written at length in such deed."

Merchantability does not equate with market value or marketability. Numerous factors may affect the market value of land and unquestionably access to a public way is such a factor; however, if the title is secure against defects in the statutory warranties, the title is merchantable. It is only defects in title affecting market value that result in unmerchantability. *Stevens v. Wilson* (1980), 86 Ill. App. 3d 1047, 408 N.E.2d 496.

■ Here, the purchaser of this real estate must be charged with knowledge of matters that a cursory visual inspection of the premises would reveal. Access to a public way would be disclosed by such an inspection. It would not normally be disclosed in an abstract. *Atteberry v. Blair* (1910), 244 Ill. 363, 91 N.E. 475.

"In any transaction involving the transfer of land, the purchaser must concern himself, not only with the record title as shown by the abstract, but also with certain matters which the abstracter cannot be expected to show. Among the items of the latter class are:

\* \* \*

6. When the tract of land in question has no access to a public street or highway, ways and means of arranging for such access should be considered before the property is purchased." L. Fitch, Real Estate Titles in Illinois 756 (1948).

"[W]henever the abstract, together with explanatory affidavits, evidences an indefeasible title in fee simple, whether had by deed, devise or by the Statute of Limitations, there is a merchantable title." *Christopher v. West* (1951), 409 Ill. 131, 135, 98 N.E.2d 722, 724-25.

■ As to the implied covenant of quiet and peaceful possession, the only covenant that could possibly be violated, in *Brown v. Lober* (1979), 75 Ill. 2d 547, 551-52, 389 N.E.2d 1188, 1191, the court stated:

"Subsection 3 sets forth the covenant of quiet enjoyment, which is synonymous with the covenant of warranty in Illinois. (*Biwer v. Martin* (1920), 294 Ill. 488; [128 N.E. 518]; *Barry v.*

*Guild* (1888), 126 Ill. 439; [18 N.E. 759]; *Bostwick v. Williams* (1864), 36 Ill. 65.) By this covenant, 'the grantor warrants to the grantee, his heirs and assigns, the possession of the premises and that he will defend the title granted by the terms of the deed against persons who may lawfully claim the same, and that such covenant shall be obligatory upon the grantor, his heirs, personal representatives and assigns.' *Biwer v. Martin* (1920), 294 Ill. 488, 497 [, 128 N.E. 518, 522]."

Plaintiffs do not argue that they do not have the right to possession of the premises or that anyone has a superior right to possession. The covenant of quiet and peaceable possession is broken when the covenantee is evicted, actually or constructively, by the paramount title holder. (*Brown v. Lober* (1979), 75 Ill. 2d 547, 389 N.E.2d 1188.) Lack of access does not defeat their right to possession.

■ The purchasers acknowledge that access was available during their first 18 years of possession and was then denied to them by the adjoining land owners. Even were we to equate lack of access with a title defect, a purchaser of real estate who enters into a contract with actual knowledge of title defects in the form of easements or encumbrances waives any objection to those defects. *Stevens v. Wilson* (1980), 86 Ill. App. 3d 1047, 1054, 408 N.E.2d 496, 502.

While not obliged to do so, we note that the cases from foreign jurisdictions cited in support of the purchasers' petition are distinguishable on their records alone.

To the extent that *Myerberg, Sawyer & Rue, P.A. v. Agee* (1982), 51 Md. App. 711, 446 A.2d 69, which was a malpractice suit against the purchasers' attorneys, who had guaranteed access, might be considered to hold otherwise, we decline to follow it. We note that there the court expressly limited its holding to the facts of the case where the vendee was a California resident who had never seen the property purchased, and the parties agreed that property without access was not marketable.

The question certified for review must be answered in the negative, and the judgment of the circuit court of Jefferson County is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

JONES, P.J., and KASSERMAN, J., concur.