BRUCE M. RACKOUSKI, Plaintiff, v. DONNA R. DOBSON *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Stewart Title Corporation, Third-Party Defendant-Appellee).

Third District   No. 3—93—0813

Opinion filed May 27, 1994.

Dalton, Dalton & Reetz, P.C., of Burbank (Brett Eric Reetz, of counsel), for appellants.

Timothy J. Rathbun and Gary S. Mueller, both of McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, of Joliet, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff in this action, Bruce Rackouski, owns property adjacent to the property of defendant-appellants, Donna and John Dobson (appellants). Plaintiff filed a complaint against appellants alleging that the appellants' barn and fence reach beyond the appellants' property and encroach on plaintiff's property. Plaintiff sought, among other things, removal of the barn and fence from his property. Appellants filed a third-party complaint against appellee, Stewart Title Corporation, seeking equitable relief from appellee's refusal to defend and insure appellants against the underlying lawsuit. Plaintiff is not a party to this appeal.

Appellants claim that the appellee is under a duty to defend and insure the appellants pursuant to the title insurance policy issued to the appellants by the appellee. Appellee contends that it is under no duty to insure or defend appellant. Appellee cites the section of the policy at issue which defines the term "land," stating that "the term 'land' does not include any property beyond the lines of the area specifically described or referred to in Schedule A."

Appellee filed a motion to dismiss the appellants' third-party complaint and the trial court granted appellee's motion. Thereafter, appellants filed a "First Amended Third-Party Complaint at Law" alleging that the encroachment of the barn and fence on plaintiff's land constituted a defect in title to appellants' property and that the encroachment rendered appellants' property unmarketable. Appellants' amended third-party complaint alleged that appellee is under a duty to defend and/or insure appellants against the underlying lawsuit based on the following provision of the insurance policy at issue:

"SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS CONTAINED IN SCHEDULE B AND THE PROVISIONS OF THE CONDITIONS AND STIPULATIONS HERETO, STEWART TITLE GUARANTY COMPANY, a Texas corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the amount of insurance stated in Schedule A, and costs, attorneys' fees and expenses which the Company may become obligated to pay hereunder, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested otherwise than as stated therein:

2. Any defect in or lien or encumbrance on such title:

3. Lack of right of access to and from the land; or

4. Unmarketability of such title."

Appellee then filed a motion to dismiss appellants' amended third-party complaint, which alleged that there were no substantial changes in the amended complaint and that the complaint failed to state a claim upon which relief could be granted under section 2—615 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 2—615.) The trial court granted appellee's motion to dismiss appellants' amended third-party complaint and appellants now appeal.

We must determine whether the trial court erroneously decided that appellee is under no duty to defend or insure appellants under the insurance policy at issue. The trial court has made no determination of appellants' liability to plaintiff in the underlying lawsuit.

■ We first note that the underlying complaints and insurance policy should be liberally construed in favor of the insured. "If the underlying complaints allege facts within or potentially within policy coverage, the insurer is obliged to defend its insured ***." (Emphasis omitted.) *United States Fidelity & Guaranty Co.* (1991), 144 Ill. 2d 64, 73, 578 N.E.2d 926, 930.) Doubts and ambiguities in an insurance policy will be construed in favor of the insured. *Radovanov v. Land Title Co. of America, Inc.* (1989), 189 Ill. App. 3d 433, 438, 545 N.E.2d 351, 354-55; *McLaughlin v. Attorneys' Title Guaranty Fund, Inc.* (1978), 61 Ill. App. 3d 911, 914-15, 378 N.E.2d 355, 358.

■ We find that the facts alleged in appellants' third-party complaint fall within the coverage of the insurance policy. The policy at issue contained a list of five "standard exceptions" excluded from policy coverage. One of these standard exceptions states that "[e]ncroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises" are excluded from coverage. This exception squarely addresses the dispute in the present case regarding the barn building which allegedly encroaches on plaintiff's property. However, "Schedule B" of the policy states that "[t]he standard exceptions referred to on the inside front cover are deleted." Thus, appellee expressly waived the exception to coverage that specifically deals with the allegations asserted in plaintiff's complaint. Although the deletion of an exclusion should not automatically be construed as providing coverage (*JG Industries, Inc. v. National Union Fire Insurance Co.* (1991), 218 Ill. App. 3d 1061, 1066, 578 N.E.2d 1259, 1262), when the appellee expressly waived such a specific exception, we believe that the logical conclusion is that the policy, as executed, does cover such "encroachments, overlaps *** which would be disclosed by an accurate survey."

■ Appellee argues that the encroachment of appellants' barn is not covered under the policy because the section of the policy defining "land" excludes "any property beyond the lines of the area specifically described or referred to in Schedule A." First, construing the definition of the word "land" from the "Definition of Terms" section of the policy to exclude coverage for the encroachment in this case would contradict the apparent intent of the parties demonstrated by the execution of the policy with the standard exclusions deleted. We construe such an ambiguity in favor of the appellants. (*Radovanov*, 189 Ill. App. 3d at 438, 545 N.E.2d at 354-55; *McLaughlin v. Attorneys' Title Guaranty Fund, Inc.* (1978), 61 Ill. App. 3d 911, 914-15, 378 N.E.2d 355, 358.) Second, the policy at issue is a "Policy of Title Insurance." The policy insures against defects or clouds in appellants' title to the land, not the land itself. Appellants' amended third-party complaint alleges that the encroachment of the barn onto plaintiff's land caused a defect in title to appellants' land which rendered appellants' title unmarketable. Thus, we believe that the definition of "land" in the policy does not preclude coverage.

■ The policy of title insurance issued from appellee to appellants insured against loss by reason of "[u]nmarketability of such title." Whether title to real estate is marketable is a question of law. (*Radovanov*, 189 Ill. App. 3d at 437, 545 N.E.2d at 354.) Marketable title is title reasonably free from the probability of litigation (*Ableman v. Slader* (1967), 80 Ill. App. 2d 94, 99, 224 N.E.2d 569, 571), or flaws decreasing market value (*Sinks v. Karleskint* (1985), 130 Ill. App. 3d 527, 529, 474 N.E.2d 767, 769). Plaintiff's complaint alleges that appellants' barn encroaches on plaintiff's property by approximately 11.9 feet. The Illinois case of *Winters v. Polin* (1941), 309 Ill. App. 458, 462, 33 N.E.2d 497, 499, held that 9.32-inch and 4.08-inch encroachments of a building onto another's land were "substantial and not trivial, and seriously affected the marketability of the title" to the land on which the encroaching building sat. Although *Winters* addressed the marketability of title in the context of a contract for the sale of property, we find the court's finding regarding marketability of title applicable in the present case. We find that the encroachment in this case renders the appellants' title unmarketable in that such an encroachment brings a likelihood of litigation, and " ' persons of reasonable prudence and intelligence, guided by competent legal advice, would [not] be willing to take and pay the fair value of the land.' " (See *Sinks*, 130 Ill. App. 3d at 529, 474 N.E.2d at 769, quoting *Eggers v. Busch* (1895), 154 Ill. 604, 606-07, 39 N.E. 619, 620; see also *Radovanov*, 189 Ill. App. 3d at 437, 545 N.E.2d at 354 (holding that title received subject to pending housing code violation lawsuit was

unmarketable).) We believe that reasonable persons would not purchase property which would require them to either remove a substantial portion of a building from the property or defend a lawsuit, or both.

In sum, appellee expressly deleted the exclusion from coverage that specifically addressed the encroachment that is the gravamen of this dispute. Further, the policy at issue insures against losses incurred by appellant due to "[u]nmarketability of such title." Thus, we hold that the underlying complaint alleges facts within policy coverage and that the trial court erred in granting appellee's "Motion to Dismiss First Amended Complaint at Law." We need not address the additional issues raised by the parties.

Accordingly, we reverse the order of the trial court and remand for further proceedings.

Reversed and remanded.

STOUDER and LYTTON, JJ., concur.