40 APPELLATE COURTS OF ILLINOIS.

VOL. 78.] Des Moines & N. W. Real Estate & Loan Co. v. Beale.

## Des Moines & N. W. Real Estate and Loan Co. v. James M. Beale and Samuel C. Beale.

1. CONTRACTS—*Recovery of Money Advanced on Real Estate Con-
tracts.*—Where two persons enter into a contract for the sale of real
property, conditioned that the vendor shall furnish an abstract showing
a good title and to be satisfactory to the vendee, unless such an abstract
is furnished, the vendee will be entitled to recover back moneys advanced
by him upon such sale.

Assumpsit, to recover moneys advanced on contract. Trial in the
County Court of La Salle County; the Hon. H. W. JOHNSON, Judge, pre-
siding. Verdict and judgment for plaintiff. Appeal by defendant.
Heard in this court at the May term, 1898. Affirmed. Opinion filed
September 26, 1898.

SAMUEL P. HALL and MAE B. REED, attorneys for appel-
lant.

EDWARD J. KELLY and L. O. BROWNE, attorneys for ap-
pellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellees sued appellants in an action of assumpsit to
recover for money paid by the former to the latter on a
contract of purchase of certain lands in Iowa, owned by
Wash Lewis. The trial was by jury, resulting in a verdict
and judgment against the appellants for $500, from which
they prosecute this appeal, assigning various errors.

At the time of the transaction appellants were a partnership, since incorporated, engaged in the business of selling lands in Iowa. One of the firm visited appellees at their residence in Earlville, La Salle county, Illinois, and induced them to go to Iowa and purchase 240 acres of land of Lewis for $7,200, upon which they paid $100 in cash to Bredt, the attorney for Lewis, and after their return to Illinois, remitted $400 more direct to appellants. Appellees claimed they were induced to, and did, make the purchase of the land of Lewis and pay the $500 on the verbal representations and promise of appellants that they would furnish an abstract of title to the Lewis lands, showing a good title; and to be satisfactory to such persons in Earlville to whom they might submit it for examination. This was denied by appellants, although they admit the agreement was, the abstract was to be acceptable; they also insisting they were not liable to appellees for that, or any other undertaking, for the reason appellees had entered into a written contract with Lewis, and that alone must rule the transaction; and the latter must look to Lewis for any defects of title, or other liabilities growing out of the contract. The abstract was submitted by appellants, and the title to the lands having been shown thereby to be defective and objectionable in several particulars, it was sent back and forth several times, for the purpose of having the title corrected. At one of these times the abstract was sent to appellees accompanied with the opinion of appellants' attorney, pointing out wherein the title was defective and unsatisfactory. Appellees submitted the abstract to several persons in Earlville who were accustomed to examine abstracts of title, and they pronounced the title defective and unsatisfactory. The objections that had been pointed out to the title were not removed, and for that reason appellees rescinded the contract with Lewis, and demanded of appellants repayment of the $500 advanced by them and for which the suit was brought.

We are of the opinion the evidence in the record fully sustains the verdict and the liability of the appellants.

Even though the title to the land may have been legally good, yet we think appellants' agreement with appellees, sufficiently proved by the evidence, and which was verbal and separate from the Lewis contract, was that they would hold all the money paid until the abstract was examined in Earlville and found to be satisfactory. This they did not do, and refused or neglected to correct the title or refund the money. It is admitted the title shown by the abstract is not free from objection. Appellants, having promised to furnish an abstract showing title free from objection, were liable for all the money appellees were induced to pay by reason of such promise. We have no doubt from the evidence in the case appellees relied and acted upon the promise of appellants in this respect, and were induced thereby to pay the money that was paid.

The rulings of the court on the admission of evidence and the instructions to the jury are in harmony with our own views, and in those respects there was no harmful error.

Finding no error in the record and proceedings of the County Court, its judgment will be affirmed.