# Braun *v.* Pettyjohn, *et al.*

## Bill to Foreclose Mortgage.

(Decided May 30, 1912.　58 South. 907.)

1. *Mortgages; Foreclosure; Limitation and Laches.*—A bill to foreclose a mortgage brought within twenty years after its date is maintainable, although not brought within twenty years after the maturity of the note secured thereby, especially where, within twenty years there was an acknowledgment and recognition of the mortgage by a conveyance of the property subject to the mortgage.

2. *Descent and Distribution; Equitable Assignment.*—Where the heirs of the mortgagee distributed his property without administration the heir to which a mortgage was allotted became the equitable assignee of the mortgage with right to foreclose.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Caroline Braun against L. G. Pettyjohn and others, to foreclose a mortgage. Decree for respondents and complainant appeals. Reversed and remanded.

GEORGE HUDDLESTON, and A. LEO OBERDORFER, for appellant. The complainant had an undoubted right to foreclose, as such right could not arise until the mortgage was executed and became a deed, both of which were within twenty years before filing the bill.—*Coyle*

*v. Wilkins,* 57 Ala. 108; *Bailey v. Butler,* 138 Ala. 153;
*Dobson v. Hurley,* 129 Ala. 380; *Hooper v. Pearce,* 151
Ala. 517; *Goodwin v. Baldwin,* 59 Ala. 127; *Austin v.
Jordan,* 35 Ala. 642. There is no question of the stat-
ute of limitations in this case.—Authorities supra.

L. J. HALEY, JR., for appellee. No brief reached the
Reporter.

SIMPSON, J.—The bill in this case is by the appel-
lant to foreclose a mortgage executed by the defendant
Louis Braun (who is complainant's husband), and
joined in by complainant, to Elizabeth Biehl, who was
complainant's mother. The mortgage was executed on
July 16, 1890, to secure a note previously made, to wit,
October 25, 1886, and payable October 25, 1887. No
law day is fixed in the mortgage, but it is simply con-
ditioned on the payment of the debt. On April 1, 1891,
the property in question was sold by said Louis Braun,
and conveyed by deed executed by himself and wife, to
the defendant L. G. Pettyjohn, which deed recites that
the property "herein conveyed being subject to a mort-
gage executed by the undersigned grantors in favor of
E. Biehl, to secure the payment of an indebtedness of
$1,500.00." The bill in this case was filed on July 14,
1910. It appears from the bill and the evidence that
said Elizabeth Biehl died in 1895, and, there being no
debts and no administration, the heirs distributed the
property among themselves, in which distribution the
mortgage in question was allotted to the complainant
and became her property. Said Louis Braun testified
that he had never paid anything on said mortgage in-
debtedness. The note for the securing of which said
mortgage was executed was placed in evidence, show-
ing that the writing and signature have been overrun

38—176

by heavy lines with a pen, which, according to the testimony of the complainant, was done by her said husband, without her knowledge or consent, after the note came into her possession.

It is true that, according to numerous decisions of this court, 20 years has been fixed as the period of prescription, after which mortgages upon which there had been no payment, or other acknowledgment, will be presumed to have been paid, and claims of every kind will be presumed to have been settled.—*McArthur v. Carrie's Adm'r,* 32 Ala. 76, 89, et seq., 70 Am. Dec. 529; *Harrison et al. v. Heflin, Adm'r, et al.,* 54 Ala. 553, 563; *Coyle v. Wilkins et al.,* 57 Ala. 108, 111; *Bailey et al. v. Butler,* 138 Ala. 153, 156, 35 South. 111; *Eliza Snodgrass v. John A. Snodgrass, Infra,* 58 South. 201, and cases cited.

As will be seen from an examination of the cases, this prescription is predicated on the fact that there has been no payment on, or acknowledgment of, the mortgage during that period. While the chancellor does not write any opinion, and the appellee has filed no brief, yet we infer from the references in the brief of the appellant that the idea prevailed that the 20-year period in this case commenced with the date when the note, for the security of which the mortgage was executed, became due; but that is not correct. No rights could accrue under the mortgage until it was made, and the rights under it are not affected by the fact that the note was barred. As will be seen from the dates, the bill was filed before the expiration of 20 years from the date of the mortgage, and, subsequent to the time when the mortgage was executed, there was a distinct acknowledgment and recognition of the mortgage in the deed from Braun to the defendant Pettyjohn, who received

[Braun v. Pettyjohn, et al.]

the property with the distinct recognition of the mortgage lien on it.

It is true that there are some cases which have held that complainants are guilty of laches which bars relief, even though the period was less than 20 years, where the facts are such that a party is called on to state an account after every one who knew anything about it is dead, and where "it is manifest that no correct account can be rendered, that any conclusion to which the court may arrive must be, at best, conjectural, and that the transactions have become so obscured by time, and the loss of evidence, as to render it difficult to do justice."—*Rives v. Morris et al.*, 108 Ala. 527, 531, 18 South. 743, 745; *Salmon, Adm'r, v. Wynn, Adm'r,* 153 Ala. 538, 45 South. 133, 15 Ann. Cas. 478.

But there are no such complications in this case, and as the period of 20 years had not expired since the last distinct recognition of the mortgage, and not even since the execution of the mortgage itself, the rights of the complainant were not affected by the lapse of time.

There is no plea of payment in this case.

The evidence shows an equitable assignment of the mortgage to the complainant, and she has a right to foreclose the same.—*Buckheit v. Decatur Land Co.*, 140 Ala. 216, 37 South. 75.

There is no assignment of error to the action of the court in overruling the demurrer to the bill.

The decree of the court is reversed. The chancery court will render a decree ordering the sale of the property described in the second paragraph of the bill, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.