[No. 18711. *En Banc.* March 3, 1925.]

JOSE FRANK, *Appellant,* v. E. R. THOMAS COMPANY, INCORPORATED, *et al., Respondents.*

VENDOR AND PURCHASER (85)—CONTRACT—RESCISSION BY VENDEE —ABSTRACT—SUFFICIENCY. A purchaser cannot be compelled to accept title insurance which would not have been issued by the company if it had had notice of an unrecorded outstanding contract.

SAME (86)—DEFECTS IN TITLE—WAIVER. Upon an issue as to the sufficiency of a vendor's title, defective for lack of administration upon a predecessor's estate, evidence of a conversation as to whether the title would be accepted without such administration is properly excluded.

SAME (63, 87)—TITLE OF VENDOR—CURING DEFECTS—REASONABLE TIME. Where the vendors failed for four or five months to furnish title insurance or abstract, under their contract requiring the same within ten days, during which time they made no tender, the vendee may rescind and recover the down payment, and vendors cannot insist upon the provision in the contract giving them ninety days after written notice of any defects in the title within which to make the title good.

Appeal from a judgment of the superior court for King county, French, J., entered January 7, 1924, upon findings in favor of the defendants, dismissing an action on contract at the close of plaintiff's case. Reversed.

*Butcher & Butcher* and *Harry S. Worthman,* for appellant.

*Herr, Bayley & Croson,* for respondents.

MACKINTOSH, J.—This is an action to recover $850 and interest upon an earnest money receipt for the purchase of real estate. After the introduction of the evidence on the part of appellant, the trial court granted a motion of dismissal with prejudice because

¹Reported in 233 Pac. 626.

of the insufficiency of the evidence, from which judgment of dismissal this appeal is taken.

On November 13, 1922, appellant and one Mrs. Garland D. Conway entered into a preliminary agreement wherein it was provided that the total purchase price of the real estate was $4,794.76, upon which there was paid as earnest money the sum of $800, and thereafter, beginning on the first day of December, monthly payments were to be made in the sum of $50 per month. It provided in the contract as follows:

"Title is to be shown by title ins. or abstract (at seller's option) furnished by seller and 10 days allowed for examination. If the title is not good, and cannot be made good within 90 days from receipt of written notice of any defects, this agreement is void, and the earnest money shall be refunded."

On December 1 an additional $50 was paid as the first installment.

On April 25, 1923, appellant having received the interest of Mrs. Conway in the contract, and neither the title insurance nor abstract having been furnished, notified the respondents that he elected to declare the contract void and demanded the return of the $850. On May 25, 1923, this action was instituted to recover the amount. The respondents, in their answer, admitted the contract and payments and denied the other material allegations of the complaint.

Appellant refused to make the January payment because the title insurance and abstract had not been furnished. It appears from the testimony that there was an unrecorded contract of sale from the record owner of this property to one Thompson, and from Thompson to McLoughlin.

There is a contention that the respondents offered title when they asked the attorney of appellant if he would accept title insurance showing title in one King,

the record owner, and take conveyance direct from King. There is nothing in the record to show that the attorney of appellant really represented, or had authority to represent, King, the record owner of the property, and there was no tender of title insurance. The attorney for appellant stated that they would take title insurance if the title insurance company were advised of these outstanding conditional sale contracts, whereupon the attorney for respondent stated that, if the insurance company were advised of these unrecorded contracts, it would not issue the title insurance. Appellant, having actual knowledge of these outstanding contracts, had a right to refuse title insurance issued by a company not having that knowledge.

It appears also that Mr. McLoughlin, one of the purchasers of the property under an unrecorded contract, had died and there had been no administration of his estate, and a conversation was had between the attorneys of appellant and respondent as to whether or not the title from Mrs. McLoughlin without such administration would be accepted. This offer was properly refused.

According to the contract, "title is to be shown by title insurance or abstract (at seller's option) furnished by seller and ten days allowed for examination." According to this contract, respondents were to furnish title. They did not furnish or tender an abstract for the examination of appellant as provided in the contract. They merely carried on an extended conversation for four or five months without complying in any manner with their contract.

It is the contention of respondents that they had ninety days from the receipt of written notice of any defects within which to make their title good. This provision of the contract would apply if respondents had furnished a title insurance or an abstract and

given appellant the ten days within which to examine same. Having failed on their part to furnish title insurance or an abstract, they cannot insist upon having ninety days after notice of forfeiture for failure to furnish either title insurance or abstract. The contract also provides that time is of the essence of the agreement.

Respondents having failed to furnish title insurance or an abstract within a reasonable time after the execution of the contract, appellant was not required to continue to make payments thereon and had a right, under the terms of the contract, to demand the return of the earnest money paid, together with the first installment of $50.

The judgment of the trial court is reversed and the case remanded for a new trial.

All concur.