176 So. 348

## HENDLEY et al. v. FIRST NAT. BANK OF HUNTSVILLE.

### 8 Div. 792.

Supreme Court of Alabama.

Oct. 7, 1937.

David A. Grayson and Chas. V. Hendley, both of Huntsville, for appellants.

Watts & White, of Huntsville, for appellee.

BOULDIN, Justice.

This litigation concerns the equities between a senior and a junior mortgagee of real estate. In particular, the junior mortgagee challenges the senior mortgage as a subsisting lien upon the ground that the same is barred by prescription. Without dispute the senior mortgage was given some 40 years before the junior mortgage, and some 45 years before any rights were asserted in this cause by the holder of such senior mortgage.

The mortgagor remained in possession until his death some 24 years after the maturity of the senior mortgage, and thereafter possession has been continuously held by his widow and heirs at law, who executed the junior mortgage.

On the other hand the senior mortgagee, in pleading and proof, asserts that the senior mortgage was promptly recorded, and stands unsatisfied on the record, that the mortgagor made numerous payments on interest and principal within the prescriptive period, and continued to make partial payments until his death; and thereafter his widow and heirs, succeeding to the equity of redemption, continued to make partial payments, especially the annual interest, until 1929, 1 year before the original junior mortgage was given.

Without going into further detail the evidence of such partial payments is satisfactory and without dispute. The parties here concur in the view that the sole question is whether this senior mortgage is still in force and effect as to the balance due.

Appellee, the junior mortgagee, relies upon the now well-settled rule that the 20-year period of prescriptions creates an absolute bar, a conclusive, not a rebuttable presumption; a rule of repose fixing a definite period beyond which courts will not inquire into matters permitted to sleep for 20 years, and which judicial experience has found more of injustice than of justice in entertaining them. Snodgrass v. Snodgrass,

176 Ala. 276, 58 So. 201; Patterson v. Weaver, 216 Ala. 686, 114 So. 301; Oxford v. Estes, 229 Ala. 606, 158 So. 534; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820.

But the fault of the argument is in failing to note when the prescriptive period of 20 years begins to run in the various classes of cases.

■ The basic principle of prescription is not the mere lapse of time, but the lapse of time within which no recognition of a subsisting and continuing right or obligation appears.

■ As applied to mortgage liens, the rule is quite well stated in Braun v. Pettyjohn, 176 Ala. 592, 58 So. 907, 908, in this wise:

"It is true that, according to numerous decisions of this court, 20 years has been fixed as the period of prescription, after which mortgages upon which there had been no payment, or other acknowledgment, will be presumed to have been paid, and claims of every kind will be presumed to have been settled. McArthur v. Carrie's Adm'r, 32 Ala. [75], 76, 89, et seq., 70 Am. Dec. 529; Harrison et al. v. Heflin, Adm'r, et al. 54 Ala. [552], 553, 563; Coyle v. Wilkins et al., 57 Ala. 108, 111; Bailey et al. v. Butler, 138 Ala. 153, 156, 35 So. 111; Eliza Snodgrass v. John A. Snodgrass [176 Ala. 276], 58 So. 201, and cases cited.

"As will be seen from an examination of the cases, this prescription is predicated on the fact that there has been no payment on, or acknowledgment of, the mortgage during that period."

The same principle is recognized in the cases above cited, and many others cited therein.

■ A part payment on a mortgage debt, so intended by both parties, is a direct recognition on the part of the mortgager of existence thereof, and that his possession is held in recognition of the interest of the mortgagee in the lands. Just as a partial payment before the bar of the statute of limitations is complete renews the obligation, and starts the running of the statute anew, so a partial payment on a mortgage debt as such starts anew the prescription period as to the mortgage lien.

■ While it does not seem to be insisted that the recorded mortgage may remain in force as between the parties, but not as to subsequent purchasers or mortgagees, we think well to make it clear that the constructive notice afforded by the record of a mortgage (Code, §§ 6860, 6887) is effective to protect the mortgagee as long as the mortgage remains a valid security between him and the mortgagor. There is no provision for a second recordation. The notice runs to all subsequent purchases and mortgages. Elsberry v. Boykin, 65 Ala. 336, 342.

It is the right of mortgagor and mortgagee to let a mortgage run as long as they wish. As friends and neighbors, the mortgagor may be accommodated by accepting small payments at infrequent intervals, or the mortgagee may prefer to have a long-time investment, receiving his interest payments.

■ Subsequent purchasers or mortgagees cannot ignore recorded mortgages, not indorsed satisfied, merely because more than 20 years have elapsed since maturity. If so, they act at their peril.

■ The decree denying relief to the senior mortgagees must be reversed. The cause will be remanded with directions to so frame the decree as to recognize and enforce their superior lien for the balance due on the mortgage debt. For as much as the land covered by this mortgage is only a small part of that covered by the junior mortgage, the junior mortgagee should be permitted, at his election, to pay off the superior lien, and have foreclosure for his entire mortgage debt, including the sum paid to remove this superior incumbrance.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.