38 So.2d 856

**WHITFIELD et al. v. McCLENDON.**

3 Div. 473.

Supreme Court of Alabama.

Oct. 7, 1948.

Rehearing Denied Feb. 17, 1949.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

Ball & Ball, of Montgomery, for appellants.

LAWSON, Justice.

On March 9, 1946, Dennis McClendon entered into a contract in writing to purchase from the executors of the estate of L. B. Whitfield, Sr., deceased, a house and lot described in the contract as "1300 S. Perry Street" for a consideration of $45,-000.

The contract of purchase contained the following provisions which are pertinent here:

"It is further understood and agreed that party of the first part [executors] is to furnish to party of the second part [McClendon] *a complete abstract of title to date disclosing a good and merchantable title* and Warranty Deed free of any and all encumbrances except herein mentioned; otherwise the earnest money shall be refunded. * * * All taxes, assessments, rents and insurance shall be prorated as of the consummation of the sale which shall be within 30 days after abstract is delivered to party of the second part. * * *

"Party of the second part attaches hereto check in the amount of $5000.00 to act as good will money and to be applied on the down payment at consummation of sale. Should the purchaser fail to carry out this contract, in accordance with all of its provisions, the earnest money as shown herein shall be forfeited as liquidated damages, at the option of the seller, and the earnest money so forfeited shall be divided between the seller and the agent." (Emphasis supplied)

Abstract of title was furnished. On examination by an attorney employed by the purchaser, the title as shown by the abstract was disapproved for certain alleged defects pointed out in a written opinion. Thereupon, within the time named, the purchaser declined to close the deal, and demanded the return of his money. The sellers having refused to return the earnest money, McClendon instituted the present suit to recover the same.

The original complaint contained fifteen counts, but on the trial plaintiff abandoned six of them. Under the counts that went to the jury, plaintiff claimed to be entitled to a refund of the earnest money on the following grounds:

Count 1. The abstract was not complete because it did not show the state of the title to part of the property prior to April 6, 1905.

Count 2. The certificate to the abstract was not complete.

Count 5. The abstract showed conveyance of NW¼ of Section 19, Township 16, Range 18, but did not show the property abstracted to be a part thereof.

Count 6. The abstract did not show a regular chain of title from the United States to the defendants.

Count 7. The sellers had no authority to pass title.

Counts 12, 13, 14, and 15 were the common counts.

The defendants pleaded the general issue.

Upon the conclusion of the evidence the trial court gave the general affirmative charge for the plaintiff and the jury returned a verdict in favor of plaintiff in the sum of $5,150. Judgment was in accord with the verdict. Their motion for new trial being overruled, defendants have appealed to this court.

By the terms of the contract the "earnest money" was to be refunded to the vendee if the vendors did not furnish him with a complete abstract of title disclosing that they had a good and merchantable title to the premises on the day the contract was entered into. The contract contained no provision for an opportunity to be given the vendors after furnishing such an abstract thereafter to amend it or cure defects in the title. The furnishing of such an abstract was, therefore, one of

594

the terms of the contract, the observance of which was as essential as that of any other·term or condition stipulated to be performed. Sheehan v. McKinstry, 105 Or. 473, 210 P. 167, 34 A.L.R. 1315.

■ If the abstract, when it was furnished, was not of the character required by the contract, then·the vendee had the right to rescind the contract and insist upon a refund of the "earnest money" paid by him as a part of the purchase price. Sherman v. Good, 21 Ala.App. 546, 109 So. 893; Burdick v. Kerkovecz et ux., 81 Cal.App. 786, 254 P. 684; Frank v. E. R. Thomas & Co., 133 Wash. 243, 233 P. 626; Rath et al. v. Wilgus et al., 110 Neb. 810, 195 N.W. 115; Culley v. Dixon et al., 199 Iowa 136, 201 N.W. 582; Bragg v. Chilcote, 176 Ill.App. 371; Des Moines & N. W. Real Estate & Loan Co. v. James M. Beale and Samuel C. Beale, 78 Ill.App. 40; Greenville Nat. Bank et al. v. Partain et al., Tex.Civ.App., 52 S.W. 648.

■ Where the contract calls for a complete abstract showing a good and merchantable title, the abstract itself must furnish the evidence that the vendor has that character of title as a matter of record. Smith v. Blinn et al., 221 Ala. 24, 127 So. 155; Barclay v. Bank of Osceola County, 82 Fla. 72, 89 So. 357; Ogooshevitz et ux. v. Arnold et ux., 197 Mich. 203, 163 N.W. 946, 165 N.W. 633; Horn et al. v. Butler, 39 Minn. 515, 40 N.W. 833; Curtis v. Hawley, 85 Ill.App. 429. In Ogooshevitz et ux. v. Arnold et ux., supra [197 Mich. 203, 163 N.W. 948], it was said:

"By the terms of this contract defendants agreed to furnish an abstract showing clear title. This provision was not complied with by furnishing a clear title by prescription, or a title not established of record, or one which rests on parol testimony. A clear title as matter of record, and as shown by abstract, is one thing; while a clear title by prescription, made good by the statute of limitations, and presumptions which may arise from undisputed possession,. and shown by parol testimony, is another thing. They are by no means synonymous terms. We know, as matter of common knowledge,· that, in

buying and selling real estate, abstracts are usually desired by the purchaser, in order. that they may be submitted to those skilled in the law for an opinion as to their validity. A clear title, as matter of record, is much more desirable, much more valuable, much more salable,· than one depending for validity upon the testimony and memory of witnesses. A clear title, shown·to be such by an abstract and resting on the record, was one of the valuable considerations of this contract. It was what the parties contracted for, and the obligation to furnish it was not discharged by furnishing any other title."

■ Affidavits recorded under the provisions of § 116, Title 47, Code of 1940, as amended, being matters of record affecting title, are properly included in an abstract, but the trial court correctly refused to permit the introduction of parol evidence offered by the vendors, defendants below, on the trial of this·case for the purpose of showing adverse possession. Constantine v. East, 8 Ind.App. .291, 35 N.E. 844; Horn et al. v. Butler, supra; Ogooshevitz et ux. v. Arnold et ux., supra; McLaughlin v. Brown, Tex.Civ.App., 126 S.W. 292; John M. Danzer v. A. J. Moerschel, Mo.Sup., 214 S.W. 849, 7 A.L.R. 1162. In the case last cited many authorities are cited by the court and others are referred to in the A.L.R. annotation.

■ The abstract which was furnished by the vendors to the vendee was introduced in evidence. Whether or not it disclosed the character of title contracted to be shown by the abstract was a question for the court and the opinion of an attorney, however capable he might be of speaking with reference to the proposition of law involved, could not be substituted for the judgment of the court in passing upon the character of title tendered by the vendors to the vendee as reflected by the abstract of title furnished. In Smith v. Blinn, supra [221 Ala. 24, 127 So. 157], Mr. Justice Bouldin, writing for this court, said:

"The construction of a written document, such as an abstract of title to lands, is a well-known function of the court.

"It logically follows that, when the court has ascertained the law governing the written documents, and construed them in the light of such law, and this is the whole case, nothing remains to be determined by the jury, and, on request, the affirmative charge is due the party entitled to prevail."

This appears to be the rule in most of the states except where the land is located in another state. The authorities on this subject are collected in 90 A.L.R. 609, in the annotation to the case of Robinson et al. v. Bressler et al., 122 Neb. 461, 240 N.W. 564.

 As before indicated, the trial court gave the general affirmative charge requested by plaintiff, the vendee. Such action was justified if plaintiff is entitled to recover under either count of the complaint. National Life & Accident Ins. Co. v. Lokey, 166 Ala. 174, 52 So. 45; Slaughter v. Murphy, 239 Ala. 260, 194 So. 649.

The legal description of the real estate covered by the contract is Lots 1, 2, 3 and the north 25 feet of Lot 4, Block 1, according to the plat of Maplewood as recorded in the office of the probate judge of Montgomery County, Alabama, in Plat Book 2 at page 38.

The vendors furnished McClendon, the vendee, with four separate and distinct abstracts, which we will refer to hereinafter as abstracts No. 1, No. 2, No. 3, and No. 4.

The caption of Abstract No. 1 shows that it relates solely to Lots No. 1 and No. 2 of Block 1 of the Maplewood Plat. It does not purport to cover Lot 3 and the north 25 feet of Lot 4. The certificate of the abstractor, dated July 30, 1919, is to the effect that the abstract containing fifty-seven sheets shows a "true and correct Abstract of all conveyances of record in Montgomery County, Ala., affecting the title to the property as herein described * * *."

The caption of Abstract No. 2 describes the property therein abstracted as follows: "Lot 3 and north 25 feet of Lot 4 Block 1, Maplewood, as recorded in the office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 2, page 38." As here pertinent, the abstractor certified on May 1, 1925: "That the within and foregoing sheets numbered from One to Seven, inclusive, is a correct and complete abstract of all conveyances, mortgages and all other instruments of writing of record, of Montgomery County, Alabama, pertaining to the real estate described in the Caption of this Abstract since *Filing date of Plat*." (Emphasis supplied) The plat was not filed until April 6, 1905.

Abstract No. 3 covered both parcels of the property. The caption reads as follows:

"Parcel #1 (Since: July 30th, 1919)

"Lots 1 and 2, Block 1, according to the Plat of Maplewood, as recorded in the office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 2 at page 38.

"Parcel #2 (Since: May 1st, 1925)

"Lot 3 and the north 25 feet of lot 4, Block 1, according to the Plat of Maplewood, as recorded in the office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 2 at page 38."

The certificate of the abstractor as to Abstract No. 3, dated January 10, 1939, is "that the foregoing eleven sheets show a true and correct Abstract of all conveyances of record in Montgomery County, Ala., affecting the title to the property as herein described since dates shown on caption * * *."

Abstract No. 4 evidently purports to cover the same property as Abstract No. 3 (all of the property here involved) although there is no caption. Abstracts 3 and 4 were made by the same abstractor and are bound together. The certificate of the abstractor as to Abstract No. 4, dated March 22, 1946, is "that the foregoing Thirty-seven sheets show a true and correct Abstract of all conveyances of record in Montgomery County, Ala., affecting the title to the property as herein described since Jan. 10, 1939 * * *."

So as to Lots 1 and 2, the vendors furnished the vendee with abstracts containing certificates of the abstractor that the abstracts contained all conveyances of record in Montgomery County affecting those lots. Abstract No. 1 went back to

596

the patent from the United States Government and ended on July 30, 1919. Abstract No. 3 covered the period from July 30, 1919, to January 10, 1939, and Abstract No. 4 related to the period from January 10, 1939, to March 22, 1946. The vendee and his attorney could rely upon these abstracts in view of the certificate affixed thereto as reflecting all of the conveyances of record affecting the title to Lots 1 and 2.

But as to Lot 3 and the north 25 feet of Lot 4 the abstracts purporting to cover that portion of the property did not show conveyances of record prior to the date on which the Maplewood Plat was filed or recorded, namely, April 6, 1905. In other words, the abstracts as to this portion of the property covered only a period of approximately forty-one years prior to the date of the contract. There was, of course, no certificate of an abstractor upon which the vendee or his attorney could rely as to the state of the record title to Lot 3 and the north 25 feet of Lot 4 prior to April 6, 1905.

The appellants, vendors, insist that the abstracts furnished to the vendee were complete abstracts of title as to all of the property and disclosed that they had good and merchantable title thereto.

They first contend that when Abstract No. 1 is considered in connection with Abstracts No. 2 and No. 3 and No. 4 that all conveyances affecting the title to all the property are shown. We cannot agree with this contention. As before indicated, Abstract No. 1 covered only Lots 1 and 2 and there is nothing in that abstract to show that in tracing the title of those two lots back to the government the abstractor has also shown the chain of title of Lot 3 and the north 25 feet of Lot 4. Such a conclusion can be reached only by assuming that Lot 3 and the north 25 feet of Lot 4 were carved out of the same piece of property as Lots 1 and 2. The abstracts do not show this to be a fact and such an assumption should not be indulged in to reach the conclusion that the vendors furnished the vendee with a complete abstract of title as to all of the property.

It is next insisted by the vendors that in furnishing an abstract certified back for a period of forty-one years they complied with the requirements of the contract. It may be that when Abstracts No. 1 and No. 2 are considered together it can be concluded reasonably that this parcel of the property has come out of the government, for Abstract No. 1 does show that a patent was issued by the government to William Sayre and Benjamin Fitzpatrick in 1827 conveying the NW¼ of Section 19 in Township 16 of Range 18 and notations contained in Abstract No. 2 indicate that Lot 3 and the north 25 feet of Lot 4 are located in said quarter section.

But even if it be assumed that the abstracts are sufficient in that respect, the question remains as to whether an abstract which otherwise only goes back forty-one years is that character of abstract which the vendors contracted to furnish the vendee. We think not. Such an abstract might not reveal fatal defects in the title. For instance, in Hendley v. First National Bank of Huntsville, 234 Ala. 535, 176 So. 348, a mortgage executed forty-five years before the litigation arose was upheld and enforced.

In Warvelle on Vendors, Vol. 1, page 357, § 296, it is stated, with reference to the beginning point of an abstract:

"Whenever practicable the abstract should disclose the inception of title, irrespective of time; but where this cannot be readily done, it should commence with some well-authenticated fact at some period remote enough to cover any adverse interest or equity that could successfully be asserted. This period would, of course, be fixed with reference to the statutes of limitation. Thus, ten years, and in some states seven years would be sufficient to cover judgment liens, and possibly some other classes; while twenty years, which is the term during which actions will lie for the recovery of lands, would in a majority of cases be sufficient. But, as the disability of parties, intervening estates, and other circumstances might be sufficient to prevent the statute from running, whatever point is selected as the root of title, great care must be employed, and exigencies will arise in the course of many titles that would justify the rejection of the

same when a period of not more than twenty years is covered by the search."

We hold, therefore, that even if it be conceded that the abstracts sufficiently show title out of the government as to Lot 3 and the north 25 feet of Lot 4, as to this portion of the property they do not commence at a time sufficient to bar all adverse claimants, including remaindermen.

In view of this conclusion it is not necessary to treat the other alleged defects in the abstracts furnished the vendee.

Nothing said herein is to be construed as an indication that the vendors did not actually have good and merchantable title to the premises. It may be conceded that vendors did have good and merchantable title; but that they failed to furnish a complete abstract to the vendee disclosing that fact as to a part of the property seems to us beyond question. That was what they contracted to do and nothing less will suffice, no matter what the vendors' real title might be.

We are of the opinion that plaintiff was entitled to the affirmative charge and that the action of the trial court in giving it as requested was correct.

The judgment of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.

### On Rehearing.

LAWSON, Justice.

The case of Hendley v. First National Bank of Huntsville, 234 Ala. 535, 176 So. 348, was cited in the original opinion as authority for the conclusion that an abstract which only goes back forty-one years was not a complete abstract. As pointed out, in that case a mortgage executed forty-five years before the litigation arose was upheld and enforced.

On rehearing, appellant insists that the rule of that case is no longer the law, contending that it was nullified by the enactment in 1939 of what is now § 174, Title 47, Code 1940.

In this connection we quote from brief filed in support of appellant's application for rehearing:

"Under the rule of the Hendley case, it would be necessary for an abstract, in order to be complete, to go back to a time when there could be no possibility of a mortgage still in existence and that would doubtless be to the federal government. *But since the 1939 Act* [§ 174, Title 47, Code 1940], *one examining an abstract for an innocent purchaser, such as is contemplated by the statute, need only look back for mortgages maturing within the past twenty years.*" (Emphasis supplied)

The presumption of payment as to third persons without notice, provided for by § 174, Title 47, supra, does not apply if credits are noted as therein provided. An abstract which did not go back more than twenty years would not apprise the title examiner as to whether or not there were mortgages on record which were executed prior to the twenty-year period upon which credits had been noted during that period. Hence an abstract which does not go back more than twenty years is not a complete abstract.

The enactment of what is now § 174, Title 47, supra, did not nullify the rule in the Hendley case, supra, if on a fifty-year-old recorded mortgage notations of credit have been made thereon within the last twenty years.

We do not think § 174, Title 47, supra, in any wise affects the conclusion reached in the original opinion.

Application overruled.

BROWN, FOSTER, and STAKELY, JJ., concur.