101 So.2d 292

### Christine HOLLIS
### v.
### Don ALEXANDER.
### 2 Div. 381.

Supreme Court of Alabama.

March 6, 1958.

Geo. S. Wright, Tuscaloosa, for appellant.

Curry & Kirksey, Carrollton, for appellee.

GOODWYN, Justice.

This is a statutory action in the nature of an action in ejectment (Code 1940, Tit. 7, § 938; Tit. 7, § 223, Form 32) brought by appellant, Christine Hollis, in the circuit court of Pickens County against appellee, Don Alexander. The suit involves a strip of land containing approximately 8 acres along the west line of the west half of the northeast quarter of Section 7, Township 20, Range 15, in Pickens County, the said strip being west and south of a county road.

The defendant entered a plea of "not guilty", which, under § 941, Tit. 7, Code 1940, is a plea of the general issue. There was no suggestion that the suit arises over a disputed boundary line (Code 1940, Tit. 7, § 942). Trial was had before a jury. The factual issues related to the parties' record title to the strip and whether either had acquired title to the strip by adverse possession. The jury returned a verdict in favor of the defendant. It is from the judgment rendered on said verdict that the plaintiff brings this appeal.

There are 32 assignments of error, most of them relating to rulings on the admission of evidence. One of the assignments charges error in admitting in evidence, over plaintiff's objection, a written opinion on title rendered by defendant's attorney in connection with defendant's purchase of his claimed title to the land. We have concluded that this was error to reverse. Consequently, there is no need to discuss the other assignments since the points raised probably will not be presented in the same form on another trial.

The defendant, on being recalled as a witness in his own behalf, identified, over plaintiff's objection, a copy of his attorney's title opinion, which was then offered and received in evidence, also over plaintiff's objection. The opinion is addressed to the defendant, dated June 15, 1950, contains in the caption a description of the land, and recites, to the extent here important, the following:

"I checked the records of this county insofar as they affect the title to the above lands, and it is my opinion that the title to said property is good sub-

ject (to a mortgage described therein). * * * Upon the cancellation of this mortgage or the release of the above property by said mortgagee, it is my opinion that good and valid title to said property will vest in you under your deed from J. F. Rainer.

"The record title of this land goes back by unbroken chain to 1886, when A. J. Peterson acquired the same from F. W. Wimberley by deed record 'C' page 342 * * *."

Was such opinion evidence competent in this case? We entertain the view that it was not.

We find no instance where this court has treated this particular point authoritatively. However, in Blair v. Blair, 199 Ala. 480, 481–482, 74 So. 947, a statutory ejectment action, it was observed that "possession is a fact to which a witness may testify or upon which he may give an opinion or conclusion, *though this is not true as to title to land.*" See, also, Whitfield v. McClendon, 251 Ala. 591, 594–595, 38 So.2d 856.

Bearing on the question is the following from 20 Am.Jur., Evidence, § 772, p. 644:

"* * * In support of the view that a witness may testify directly as to the ownership of property, it has been said that the modern notion of the admissibility of evidence is that it is more important to get the truth than to quibble over impractical distinctions between facts and conclusions. Many courts, however, are inclined, if the question of title is the question at issue, or is a disputed fact of vital importance, to confine the witness strictly to the evidential facts of which he has knowledge, and not permit him, even in form, to give his opinion or conclusion and thus to assume the office of the trier."

The case of Hodge v. Ellis, 268 S.W.2d 275, 289, (a Tex.Civ.App. case, with further opinion by the Texas Supreme Court reported in 154 Tex. 341, 277 S.W.2d 900, 901, not affecting our question) was an action to determine whether certain property was community property or the separate property of a deceased wife. In the course of its opinion the court there said:

"Testimony of the attorney from his title examination on property is not evidence at all of fact. Whether the record shows title is a question of law. * * *. The same thing would apply to his written title opinion."

See, also, Green v. Baker, 66 Mont. 568, 214 P. 88, 90.

It seems to us that receipt in evidence of the opinion on title, declaring, as it does, the attorney's conclusion and opinion as to who holds the record title, goes to the very heart of one of the material issues in the case, that is, which of the parties has the superior record title? In the absence of a conflict in the evidence it would be for the trial court to determine who has the superior record title, for in that situation a question of law only would be presented. If the evidence should be in conflict it would be the province of the jury to resolve the factual issues and render a verdict according to the law as given to them by the trial court. In our view, admission of the attorney's opinion on title would be improper in either situation.

It follows, from what we have said, that the judgment appealed from is due to be reversed and the cause remanded. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.