REL: 09/19/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130890

_____

**Debora Willingham, as the administrator of the Estate of Brandy Matthews, deceased**

v.

**Rodney Matthews, as the administrator of the Estate of Joshua Taylor Matthews, deceased**

**Appeal from DeKalb Circuit Court**
**(CV-13-900066)**

WISE, Justice.

Debora Willingham, as the administrator of the estate of Brandy Matthews, deceased ("Willingham"), appeals from a summary judgment entered by the DeKalb Circuit Court ("the

trial court") on her complaint for a judgment declaring the rights, duties, and liabilities of the parties under § 43-8-253, Ala. Code 1975, which is known as "the Slayer's Statute."

<u>Facts and Procedural History</u>

Brandy Matthews and Joshua Taylor Matthews were married in September 2004. On March 20 or March 21, 2011, Brandy died as a result of gunshot wounds inflicted by Joshua. Brandy's death was determined to be a homicide. On the same date, Joshua died as a result of a self-inflicted gunshot wound.

Brandy and Joshua both died intestate. Willingham, Brandy's mother, was appointed by the DeKalb Probate Court as the administrator of Brandy's estate. Rodney Matthews ("Matthews"), Joshua's brother, was appointed by the DeKalb Probate Court as the administrator of Joshua's estate.

On March 20, 2013, Willingham filed a complaint for a declaratory judgment in the trial court, stating that there was a justiciable controversy between Brandy's estate and Joshua's estate as to their respective rights, duties, and liabilities based on Willingham's interpretation of § 43-8-253. She contended that, upon application of § 43-8-253,

> "Joshua Taylor Matthews would have been unable to
> inherit from Brandy Matthews. Furthermore, based

upon the actions of Joshua Taylor Matthews, his property is to pass as if he had predeceased [Brandy Matthews]. In other words, the estate of Joshua Taylor Matthews would pass to his spouse, Brandy Matthews. In this instance, the estate of Joshua Taylor Matthews should pass directly to the estate of Brandy Matthews."

On November 19, 2013, Willingham filed a motion for a summary judgment. Based on her interpretation of § 43-8-253, she argued that Joshua's estate should pass directly to Brandy's estate. On January 14, 2014, Matthews filed a response to the motion for a summary judgment. He argued that § 43-8-253 addresses only how Brandy's estate would pass but not how Joshua's estate would pass and that it therefore would have no bearing on the administration of Joshua's estate.

On January 30, 2014, the trial court conducted a hearing on the summary-judgment motion, and on February 4, 2014, it entered a summary judgment declaring that § 43-8-253 applied to the passing of Brandy's estate but not to the passing of Joshua's estate. Willingham appealed that judgment to this Court.

## Standard of Review

"An order granting or denying a summary judgment is reviewed de novo, applying the same standard as the trial court applied. American Gen. Life & Accident Ins. Co. v. Underwood, 886 So. 2d 807, 811

3

(Ala. 2004).  In addition, '[t]his court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented.' Scott Bridge Co. v. Wright, 883 So. 2d 1221, 1223 (Ala. 2003).  Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review.  Carter v. City of Haleyville, 669 So. 2d 812, 815 (Ala. 1995).  Here, in reviewing the [entry] of a summary judgment when the facts are undisputed, we review de novo the trial court's interpretation of statutory language and our previous caselaw on a controlling question of law."

Continental Nat'l Indem. Co. v. Fields, 926 So. 2d 1033, 1034-35 (Ala. 2005).

## Discussion

Willingham argues that, because Brandy's death was the result of an intentional and felonious action on Joshua's part, the trial court erred in finding that, for purposes of administering Joshua's estate, Brandy should be considered to have predeceased Joshua.  In its order on the summary-judgment motion, the trial court found:

"On either March 20 or March 21, 2011, Joshua Matthews killed his wife, Brandy Matthews. He then killed himself. Both Joshua and Brandy died intestate. A personal representative has been appointed for each of their estates and the administration of each estate has been removed to Circuit Court.  In this action, the Administratrix of Brandy's estate has filed a declaratory judgment action against the Administrator of Joshua's estate

4

seeking a determination of the effect of Ala. Code § 43-8-253 on this case.

"Law

"'(a) A surviving spouse, heir or devisee who feloniously and intentionally kills the decedent is not entitled to any benefits under the will or under articles 3 through 10 of this chapter, and the estate of decedent passes as if the killer had predeceased the decedent. Property appointed by the will of the decedent to or for the benefit of the killer passes as if the killer had predeceased the decedent.'

"Ala. Code [1975,] § 43-8-253.

"Discussion

"A restatement of § 43-8-253 in which the decedents' names are inserted is instructive of this matter.

"'(a) [Joshua Matthews,] [a] surviving spouse ... who feloniously and intentionally kill[ed Brandy Matthews] is not entitled to any benefits under ... articles 3 through 10 of this chapter, and the estate of [Brandy Matthews] passes as if [Joshua Matthews] had predeceased [Brandy Matthews]. ...'

"It is clear by reading the statute in this manner that Brandy Matthews's estate shall pass as though Joshua Matthews predeceased her. Summary judgment on this issue is appropriate.

"It is also clear that this statute refers only to what happens to the estate of the person who was the victim of the homicide. That is, this statute only refers to what happens to the estate of Brandy

Matthews. The reference in the statute that 'the estate of the decedent passes as if the killer had predeceased the decedent' does not refer to what happens to the killer's estate.

"Therefore, it is clear that Joshua Matthews's estate shall be administered in accordance with the general statutes governing the situation in which Brandy Matthews predeceased him. Summary judgment on this issue is appropriate.

"Conclusion

"Consistent with the findings of the Court as stated above, it is hereby ORDERED as follows:

"1. The estate of Brandy Matthews shall be administered as though Joshua Matthews predeceased her. Summary judgment is hereby granted on this issue.

"2. The estate of Joshua Matthews shall be administered in accordance with the general statutes governing the situation in which Brandy Matthews predeceased him. Summary judgment is hereby granted on this issue."

Willingham argues that the trial court should have applied § 43-8-253 to find that Joshua's estate would be administered as if he had predeceased Brandy. Section 43-8-253 provides, in pertinent part:

"(a) A surviving spouse, heir or devisee who feloniously and intentionally kills the decedent is not entitled to any benefits under the will or under articles 3 through 10 of this chapter, and the estate of decedent passes as if the killer had predeceased the decedent. Property appointed by the

6

will of the decedent to or for the benefit of the killer passes as if the killer had predeceased the decedent.

"....

"(c) A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

"(d) Any other acquisition of property or interest by the killer shall be treated in accordance with the principles of this section."

(Emphasis added.) Based on the plain language of § 43-8-253(a), the statute applies only to the estate of the murdered decedent, not the estate of the party who feloniously and intentionally killed the decedent. See Alfa Life Ins. Corp. v. Bonner, 933 So. 2d 362, 365-66 (Ala. Civ. App. 2005) (stating that "subsection (a) of the Slayer's Statute prevents the party who intentionally kills a decedent from receiving 'any benefits under the will or under articles 3 through 10 of' the Probate Code, that is, from 'the estate of the decedent'"). Further, Willingham has not cited any authority to support her proposition that, under § 43-8-253, Joshua's estate should pass as if he had predeceased Brandy. None of

7

the cases cited by Willingham address the issue of how a probate court should treat the estate of a person who has murdered his or her spouse and then committed suicide. In fact, during the hearing on the motion for a summary judgment, counsel for Willingham conceded that she had not "found a case exactly like this on point."

Willingham also asserts:

> "The commentary [to § 43-8-253] also mentions that '[i]n many of the cases arising under this section there may be no criminal prosecution because the murderer has committed suicide.' This shows that the legislature knew that a situation like the instant one could occur."

However, that language comes from the portion of the Commentary to § 43-8-253 that explains why, although the matter addressed by the statute appears to be criminal in nature, it is actually a proper matter for the probate courts. The Commentary does not include any discussion as to how a murdering spouse's estate will pass in situations involving a murder-suicide. Therefore, the language in the Commentary that Willingham relies upon does not support her assertions.

## Conclusion

For the above-stated reasons, Willingham has not established that the trial court erred in finding that § 43-8-

8

1130890

253 is not applicable to the administration of Joshua's estate. Accordingly, we affirm the trial court's judgment.

AFFIRMED.

Moore, C.J., and Stuart, Parker, and Shaw, JJ., concur.

9